**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 20-3031-07-CR-S-SRB** |
| **PHILLIP D. ROGERS**, | |
| Defendant. | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Teresa A. Moore, Acting United States Attorney for the Western District of Missouri, and Jessica R. Sarff, Assistant United States Attorney, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on September 17, 2021. For the reasons set forth below, the Government recommends that this Court sentence the defendant to a term of imprisonment of 120 months.

**I. BACKGROUND**

On April 13, 2021, the defendant, Phillip D. Rogers, pleaded guilty before Chief U.S. Magistrate Judge David P. Rush to Count 1 of a 25-count, 13-defendant Superseding Indictment, charging him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. On April 28, 2021, this Court accepted the defendant's Plea of Guilty, and on June 29, 2021, the final Presentence Investigation Report ("PSR") was filed. (Doc. 310, PSR.)

**II. LEGAL STANDARD**

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines

range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

### III. DISCUSSION

#### A. Statutory and Guidelines Calculations

*1. Guidelines Calculations*

The PSR calculates the defendant's base offense level for Count 1 at 30 based upon his involvement in the drug trafficking conspiracy. (PSR ¶ 16.) The defendant's total offense level, after acceptance of responsibility, is 27. (PSR ¶ 25.) Based upon a total offense level of 27 and a criminal history category of III, the PSR calculates the defendant's sentencing range at 120 months. (PSR ¶ 82.) The Government concurs with these calculations.

*2. Defendant's Objection*

Paragraph 19 – Mitigating Role

The defendant asserts he should receive a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2. In support of this objection, he argues that nothing points to a managerial role or a role in which he knew the scope of the conspiracy. He further argues he should receive a mitigating role adjustment because he is only being held accountable for the drugs found on his person.

The burden of establishing minimal- or minor-participant status rests with the criminal defendant. See *United States v. Bueno*, 443 F.3d 1017, 1022 (8th Cir. 2006). Here, the defendant

has not presented any evidence that he is substantially less culpable than the average participant. Moreover, in his plea agreement, he admitted that he was distributing methamphetamine (i.e., not transporting or storing it) and that the 500 grams or more scope of the conspiracy was reasonably foreseeable to him. *See United States v. White*, 241 F.3d 1015, 1024 (8th Cir. 2001) (holding that a court can find that a minor or minimal reduction is not appropriate when a defendant actually distributes a controlled substance, as opposed to being a courier, and who understood the large scope of the conspiracy); *see also* U.S.S.G. Section 3B1.2, cmt nt. 3(A) ("A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved ***and who performs a limited function in the criminal activity*** may receive an adjustment under this guideline.") (emphasis added).

Moreover, the defendant is already only being held accountable for the methamphetamine in his possession and not that of the larger conspiracy, despite his admission that it was reasonably foreseeable to him that the conspiracy involved 500 grams or more of methamphetamine. Had he been convicted of possession with intent to distribute methamphetamine, he would have the same base offense level and would not even have been eligible for the mitigating role reduction. Under these circumstances, the Government does not believe the defendant should receive a benefit simply because he pled to a conspiracy charge. For these reasons, the Government submits that a mitigating role reduction is not appropriate, and the defendant's objection should be overruled.

**B.** **Statutory Sentencing Factors**

This Court must "impose a sentence sufficient, but not greater than necessary" to address the factors enumerated in 18 U.S.C. § 3553, including the Guidelines issued by the U.S. Sentencing Commission.

These factors include:

1. *Nature and Circumstances of the Offense and History and Characteristics of the Defendant*

The defendant has a criminal history category of III despite the instant offense being his 12th felony conviction. (PSR ¶¶ 33, 36-38, 40, 41, 43.) His prior felony convictions include burglary (multiple), stealing, receiving stolen property (multiple), forgery, possession of a controlled substance (multiple), distribution of an imitation controlled substance, and sale of a controlled substance. (PSR ¶¶ 33, 36-38, 40, 41, 43.) He also has 10 misdemeanor convictions, including ones for driving while intoxicated (multiple), driving while revoked (multiple), assault, weapon possession, and obstructing an officer. (PSR ¶¶ 28-32, 34, 35, 39, 42.)

The PSR also reflects a history of at least 13 felony arrests unrelated to those in which he was convicted. (PSR ¶¶ 46-63.) He has a documented history of failing to comply with terms of probation and parole in connection with each offense listed in the PSR in which he was afforded the opportunity. Prior to the instant offense, the defendant was last released from the Missouri Department of Corrections in March 2019. (PSR ¶ 43.) By October, he had an active warrant was involved in the instant conspiracy, at which time he was arrested in possession of over 50 grams of actual methamphetamine. (PSR ¶¶ 10-11.)

2. *Need to Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Protect the Public from Further Crimes of the Defendant*

To date, the defendant has demonstrated no respect for the law or the consequences of his actions. He has been entangled with the criminal justice system his entire adult life and continues to re-engage in the lifestyle of using and selling drugs each time he is released from prison, despite having been given multiple opportunities for drug treatment. (PSSR ¶ 74.) In the defendant's own words, he has "spent over half of [his] life in custody," and he "has to figure something out." (PSR

¶ 74.) To date, no period of imprisonment he has been given has deterred him from criminal behavior and he has continued to wreak havoc on himself and his community when he is free to do so. For these reasons, the Government believes a sentence of 120 months is sufficient, but not greater than necessary.

3. *Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment*

The Government does not oppose the defendant's participation in any education, vocational training, or treatment while incarcerated.

## IV. CONCLUSION

Section 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory Guidelines range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence. The Government respectfully recommends that this Court impose a sentence of 120 months, which is sufficient, but not greater than necessary, to address the factors in Section 3553.

Respectfully submitted,

TERESA A. MOORE
Acting United States Attorney

By: */s/ Jessica R. Sarff*
Jessica R. Sarff
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 8th day of September 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                        */s/ Jessica R. Sarff*
                        Jessica R. Sarff
                        Assistant United States Attorney